# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHUOFENG LI,<br><br>    Plaintiff,<br><br>v.<br><br>SURINDER M. MANAKTALA, et al.,<br><br>    Defendants. | Case No. SA CV 17-0055 CJC (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On January 10, 2017, Surinder M. Manaktala ("Defendant") having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 3.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

1

      Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and so removal is improper.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state.  (*See* Notice at 1, 3); *see also* 28 U.S.C. § 1441(b)(2).

      Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question.  *See* 28 U.S.C. §§ 1331, 1441.  Federal-question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  Plaintiff's complaint for unlawful detainer alleges a cause of action arising under the laws of the State of California.  (*See* Notice, Ex. A.)  In the Notice, Defendant alleges that he has filed a counterclaim against Plaintiff for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  (Notice at 2.)  However, the FDCPA does not appear on the face of Plaintiff's well-pleaded complaint, and thus may not serve as a basis for federal-question jurisdiction.  [*See* Dkt. No. 1 at 7-9]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot . . . rest upon an actual or anticipated counterclaim").

//

//

//

//

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, North Justice Center, 1275 N. Berkeley Ave., Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: January 18, 2017

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE